**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Allen, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>Quest Online, LLC, an Arizona limited liability company; et al.,<br><br>Defendants. | No. CV-11-138-PHX-GMS<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Relief from Order of Dismissal for Defendant Gregory Wexler (Doc. 106), Motion for Relief from and Reconsideration to Remand re Order (Doc. 107), Motion to Amend/Correct (Doc. 111), Motion for Reconsideration of Motion for Preliminary Injunctions (Doc. 114), and Motion to Strike Motion (Doc. 124). Also pending is Defendants' Motion for Preliminary Injunction re Plaintiff's Abuses of Process (Doc. 116).

After consideration, and in the case of one of the motion's briefing, the Court has determined that none of the motions have merit or present a basis on which the Court should reconsider its previous rulings. Defendants have adequately established that they are diverse and therefore the matter was appropriately removed to this Court. Therefore, each of the above motions for reconsideration are denied.

Also pending before the Court is Defendants' Motion for Preliminary Injunction (Doc.

116). The motion is predicated upon Plaintiff's contacting the Florida Police Department and the Chandler Police Department and making allegations against Defendants that are allegedly unfounded. There is no allegation that either of those inquiries filed with either the Chandler or Florida Police Departments resulted in any judicial process. The underlying tort upon which Defendants seek the injunction is the abuse of process. The first element of such a tort is (1) "a willful act in the use of judicial process." *Nienstedt v. Wetzel*, 133 Ariz. 348, 353 (App. 1983). Defendants offer no support for their argument that an assertion of illegal conduct to a police officer with the request to investigate as, in and of itself, amount to judicial process. Therefore, Defendants have failed to demonstrate that they are likely to prevail on the merits of their claim and their request for a preliminary injunction is denied without prejudice. As a result, Plaintiff's Motion to Strike Defendants' Motion for Preliminary Injunction (Doc. 124) is denied as moot.

Finally, Plaintiff has filed a Motion to Amend Complaint (Doc. 111). That motion is denied without prejudice. In filing the motion, Plaintiff has failed to file the amended complaint authorized in its September 22, 2011 Order (Doc. 105). The motion, to the extent it seeks leave to file an amended complaint in excess of the amended complaint authorized by this Court's September 22, 2011 Order, fails to comply with the requirements of LRCiv 15.1.

**IT IS ORDERED:**

1. Denying the Motion for Relief from Order of Dismissal for Defendant Gregory Wexler (Doc. 106).

2. Denying the Motion for Reconsideration re Order on Motion to Dismiss (Doc. 107).

3. Denying without prejudice the Motion to Amend/Correct (Doc. 111).

4. Denying the Motion for Reconsideration of Motion for Preliminary Injunction (Doc. 114).

5. Denying without prejudice the Motion for Preliminary Injunction re Plaintiff's Abuses of Process (Doc. 116).

6. Denying as moot the Motion to Strike Motion for Preliminary Injunction re Plaintiff's Abuses of Process (Doc. 124).

DATED this 9th day of November, 2011.

_/s/ A. Murray Snow_
G. Murray Snow
United States District Judge