**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David Allen, a married man, | ) | No.  CV-11-138-PHX-GMS |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| Quest Online, LLC, an Arizona limited liability company; et al., | ) ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

Pending before the Court are: (1) Plaintiff's Response to Court Order to Show Cause why he should not be ordered to pay Defendant's attorneys fees for filing two frivolous motions (Doc. 155); (2) Defendant's Motion to Strike or Alternatively to seal Declaration (Doc. 161); and (3) Plaintiff's Motion for Court to take Judicial Notice (Doc. 164).  For the reasons set forth below Defendants are awarded attorneys' fees they incurred in preparing their response in opposition to the motion to take judicial notice (Doc. 171).  Defendant's Motion to Strike is denied in part and granted in part, and Plaintiff's Motion for Court to take Judicial Notice is denied.

This matter was removed to this Court on January 19, 2011.  Shortly thereafter Defendants filed a Motion to Dismiss the Case (Doc. 8).  When Plaintiff filed a Reply to Defendants' Reply in support of its motion, Defendants moved to strike the sur-reply (Doc. 22).  Plaintiff then moved to strike part of Defendants' Reply (Doc. 24).  The parties in this case then began a flurry of motions some of which have merit but most of which do not.

In an omnibus Order, the Court granted and denied some of the parties motions and further noted in denying some of the motions to strike,

> The motions are denied not because the Court appreciates the efforts made by both parties to cast each other in the worst light possible. Both parties should be assured that the Court both ignores and deplores their unproductive, irrelevant and gratuitous assertions concerning each other. Nevertheless, the Court refuses to encourage the filing of additional motions to strike in this litigation. Should the needless motions and incivility in this litigation continue, the Court will take appropriate action.

(Doc. 68).

The needless motions nevertheless continued. Plaintiff thereafter filed: (1) a Motion for Order requiring Defendants and their counsel to cease and desist tampering with and intimidating witnesses (Doc. 72); and (2) a Motion to Strike Response and Motion to Strike (Doc. 76). The Court denied both of these motions, in an Order in which it reminded the parties that it had previously ruled that "should the needless motions and incivility in this case, continue, the Court will take appropriate action." It further noted in denying these motions that the motion to cease and desist was wholly without merit and that

> Plaintiff's motion is precisely the type of motion to which the Court referred in its order of June 8. (Doc. 68) Because the plaintiff filed the motion the next day, the Court will give Plaintiff the benefit of the doubt and assume that he had not yet received the Court's June 8 Order. It will therefore, not assess sanctions on this motion. Nevertheless, to the extent that plaintiff persists in filing motions that are needless, require the Defendants to incur the expense of responding, and are a needless diversion to the Court in attempting to administer justice to the litigants before it, the Plaintiff will be subject to sanctions. The plaintiff is advised to engage the services of an attorney if possible.

(Doc. 99).

On September 22, 2011, the Court entered an Order granting the Defendants' motion to dismiss in part and denying it in part, denying the Plaintiff's request for a preliminary injunction, and denying the Plaintiff's previous motion for partial summary judgment. The twenty-five page order was comprehensive (Doc 105). Plaintiff thereafter filed various motions including a Motion for Reconsideration of Motion for Preliminary Injunctions (Doc. 114). These motions, including the motion for reconsideration were all denied. Plaintiff also filed a Motion to Dismiss Counterclaims, or alternatively, a Motion to Strike

1   Counterclaimants' Counterclaim (Doc. 130), an Emergency Motion To Enforce Settlement
2   (Doc. 132), and a Motion to Strike Answer to Complaint and Counterclaim (Doc. 138).

3       At the scheduling conference, the motion to dismiss counterclaims was denied in part
4   and granted in part, and Plaintiff's Emergency Motion to Enforce Settlement and Motion to
5   Strike Answer to Complaint and Counterclaim were denied in their entirety. *See*, Doc. 155.
6   Further, at the scheduling conference, Plaintiff was ordered to show cause why attorneys' fees
7   should not be awarded against him to the extent that his Emergency Motion to Enforce
8   Settlement (Doc 132), was merely an attempt to reassert his previously denied claim for
9   partial summary judgment, and for injunctive relief

10      As Plaintiff acknowledges in his response to that Order, 28 U.S.C § 1927 "provides
11  that an attorney or party 'who so multiplies the proceedings in any case unreasonably and
12  vexatiously may be required by the court to satisfy personally the excess costs, expenses and
13  attorneys' fees reasonably incurred because of such conduct.'" Plaintiff further acknowledges
14  that "a frivolous claim is one that is legally unreasonable or without legal foundation." Citing
15  *Wilcox v. Comm'r*, 848 F.2d 1007, 1009 (9th Cir. 1988). Plaintiff states "[a]n appeal is
16  frivolous if the result is obvious, or the arguments of error are wholly without merit."

17      Plaintiff filed his Emergency Motion to Enforce Settlement (Doc. 132), although it
18  constituted nothing more than a reurging of his partial motion for summary judgment, and a
19  renewed request for injunctive relief after Plaintiff's previous motions had been denied.
20  Plaintiff now seeks to distinguish the Emergency Motion to Enforce Settlement from the
21  previous motion for injunctive relief because he added "new harmful acts committed by the
22  Defendants during  litigation" to the Emergency Motion to Enforce Settlement.

23      The fact that Plaintiff added new factual allegations of defamation to the Emergency
24  Motion to Enforce Settlement in no way changes the nature of the request for injunctive relief.
25  As the Court has exhaustively explained to Plaintiff, the fact that Plaintiff strongly believes
26  in the truth of his allegations does not mean that he is entitled to relief prior to trial unless he
27  can demonstrate that there are no issues of disputed material fact between the parties, or he
28  can demonstrate "that he is likely to succeed on the merits, that he is likely to suffer

1    irreparable harm in the absence of preliminary relief, that the balance of equities tips in his

2    favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council,*

3    *Inc.,* 555 U.S. 7, 22 (2008).

4         It is true that Plaintiff's claims for defamation have survived a motion to dismiss, but

5    the Court's task in deciding a motion to dismiss is merely "to evaluate whether the claims

6    alleged can be asserted as a matter of law." *Adams v. Johnson,* 355 F.3d 1179, 1183 (9th Cir.

7    2004). Thus, the fact that Plaintiff's defamation claims have survived a motion to dismiss

8    does not demonstrate that Plaintiff has been defamed, that he will prevail on the merits of his

9    claim, or even that his defamation claims will survive summary judgment.

10        As the Court has explained to Plaintiff, to the extent his claims survive summary

11   judgment, it is a jury that will resolve the factual questions that he has raised as to whether

12   or not the Defendants published the alleged defamatory statements after the settlement

13   agreement, whether any statements published thereafter violated the settlement agreement,

14   and whether Plaintiff was damaged by any such statements. The Court will not enter

15   preliminary injunctive relief in favor of the Plaintiff in the absence of Plaintiff meeting his

16   burden, which he has not, that either there are no factual disputes between the parties, or that

17   Plaintiff otherwise meets the requirements for injunctive relief. That Plaintiff may want to

18   continually file and refile motions that add additional disputed factual allegations does not

19   change the fundamental nature of the Court's ruling on Plaintiff's request. The Court has

20   already ruled on such claims in Plaintiff's motion for partial summary judgment, his motion

21   for injunctive relief, and his motion for reconsideration. Thus, "the result' of Plaintiff's MES

22   "is obvious, or the arguments of error are wholly without merit." Therefore, such motions are

23   frivolous.

24        Plaintiff's Motion to Strike Answer to Complaint and Counterclaim, (Doc. 138) is

25   frivolous for the same reasons. It is frivolous to seek to strike Defendants' Answer to

26   Complaint and Counterclaim based on the assertion that the Counterclaimants' version of

27   facts is in error. This is a matter to be decided by a jury. Again, unless Plaintiff can establish

28   a likelihood of success on the merits to conjoin with irreparable harm together with the other

1  elements of injunctive relief, he will not receive any preliminary relief from this Court.

2  Plaintiff's assertion that the Court did not adequately explain its reasoning for denying

3  his motion for injunctive relief is without merit.  The Court fully explained the basis for its

4  denial in its Order (Doc. 105).  Defendant incurred the expense of filing a response to

5  Plaintiff's Emergency Motion to Enforce Settlement (Doc. 141).  Defendant shall be permitted

6  to seek reimbursement for the expenses it incurred in filing that response upon Defendant's

7  compliance with LRCiv. 54.2.  The Court will, upon Defendant's compliance with LRCiv.

8  54.2, determine a reasonable fee to award for Defendant's preparation of the response.  No

9  other fees will be awarded at this time as a result of the Court's Order to Show Cause.

10  Defendant moves the Court to strike or seal, (Doc. 161).  After considering the parties'

11  briefing on the motion, it is not apparent to the Court that Allen's affidavit itself contains

12  personally identifying information about Defendant Smart.  However, Ex. A to Doc. 150 does

13  contain such information.  The Declaration will be placed under administrative seal.

14  Finally, Plaintiff moves the Court to take judicial notice that:

15  (1) Publicly hosting, persisting and republishing online content claiming
an individual has engaged in criminal or unethical acts deters others from
16  working or associating with them and causes irreparable harm to that individual
because the impact of such statements cannot be known and measured; and
17  (2) Intentionally hosting, recirculating and republishing such content
qualifies as engaging in a harmful act against that individual of what he alleges
18  to be certain uncontested facts.

19  Such facts are not of the type that are subject to judicial notice.  "A judicially noticed fact

20  must be one not subject to reasonable dispute in that it is either (1) generally known within

21  the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination

22  by resort to sources whose accuracy cannot reasonably be questioned."  Federal Rules of

23  Evidence Rule 201.  Defendant has the burden of establishing both that he was defamed and

24  damaged.  Except in rare circumstances, not apparently present here, Plaintiff has the burden

25  of establishing damage from defamatory statements.  That burden cannot be alleviated by

26  taking judicial notice of facts that are disputed by Defendants.  Further, it is not apparent

27  from the facts set forth in this matter that Plaintiff was accused of engaging in criminal or

28  unethical acts.  Nor is it undisputed from all the Court can ascertain that Defendants have

publicly hosted, persisted and republished online content so claiming. Further, it is not undisputed that such publication constituted a "harmful act against that individual of what he alleges to be certain uncontested facts." Nor is it apparent or undisputed what Plaintiff claims those "certain uncontested facts" to be. In short, Plaintiff is not entitled to judicial notice of the facts that he has requested. His motion is, therefore denied.

**IT IS THEREFORE ORDERED:**

1.    Awarding Defendants' reasonable attorneys' fees they have incurred in filing a response (Doc. 141) to Plaintiff's Motion To Enforce Settlement, (Doc. 132). The Court will calculate the reasonable fees to be awarded upon Defendants' timely compliance with LRCiv. 54.2.

2.    Granting Defendants Motion to Seal Declaration, (Doc. 161). The motion will be granted to the extent that the Declaration (Doc. 150) will be placed under seal. The Motion is in all other aspects denied.

3.    Denying Plaintiff's Motion for Court to take Judicial Notice, (Doc. 164).

DATED this 13th day of January, 2012.

G. Murray Snow
United States District Judge