**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Allen, a married man,   ) | No. CV-11-138-PHX-GMS |
|     Plaintiff,   ) | **ORDER** |
| vs.   ) | |
| Quest Online, LLC, an Arizona Limited ) Liability Company, et. Al. ,   ) | |
|     Defendant.   ) | |

Pending before the Court are: Plaintiff's Motion to Amend the Complaint (Doc. 176), and (2) Plaintiff's Motion For Reconsideration (Doc. 186). For the reasons stated below, Plaintiff's Motion to Amend is granted. Plaintiff's Motion for Reconsideration is denied. In light of the Court permitting Mr. Allen to withdraw his self-designation as a public figure as amended from his earlier complaint, the Court will revise the scheduling order as further set forth below.

Plaintiff's Motion to Amend is granted. Although not much has been added to the trade libel and civil conspiracy claims, proposed counts four and five, sufficient pleadings have been made to defeat a motion to dismiss at this stage of the litigation. To the extent that Plaintiff adds a count for fraudulent misrepresentation, the claim is barely pleaded with sufficient particularity as is required by the rule. Fed. R. Civ. P. 9(b) ("[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud.") It

will, therefore, not be dismissed as failing to state a claim.  Therefore, Plaintiff's Motion to Amend is granted.   Plaintiff will file an amended complaint in the form of that proposed. The deadlines for disclosing experts and opinions, together with responses and rebuttals  will be extended as follows.

   1. The party with the burden of proof on an issue shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **April 6, 2012.**

   2. Responding party shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **May 11, 2012.**

   3. Rebuttal expert disclosures, if any, shall be made no later than **June 1, 2012.** Rebuttal experts shall be limited to responding to opinions stated by initial experts.

   No other deadline shall be changed.

   The Court has reviewed Plaintiff's Motion for Reconsideration.  Motions for reconsideration are disfavored.  Nor should such motions ask the Court to "rethink what the court has already thought through–rightly or wrongly." *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  That is all that Plaintiff's Motion for Reconsideration does.  It is, therefore, denied.

   **IT IS THEREFORE ORDERED**:

   1. Plaintiff's Motion to Amend (Doc. 176) is **granted** and Plaintiff is directed to immediately file his proposed Amended Complaint.

   2. Plaintiff's Motion for Reconsideration (Doc. 186) is **denied**.

   3. The following discovery deadlines are extended as follows:

      a. The party with the burden of proof on an issue shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **April 6, 2012.**

      b. Responding party shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **May

**11, 2012.**

    c.    Rebuttal expert disclosures, if any, shall be made no later than **June 1, 2012.** Rebuttal experts shall be limited to responding to opinions stated by initial experts.

    d.    All other deadlines in the Case Management Order will remain the same.

DATED this 16th day of February, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge