**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Allen, ) | No. CV-11-138-PHX-GMS |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| Quest Online LLC, et. al., ) | |
| Defendants. ) | |

Pending before the Court are: 1) Plaintiff's Motion to Amend the Amended Complaint (Doc. 197); 2) Plaintiff's Motion for Relief from Judgment (Doc. 200); 3) Plaintiff's Motion for Recusal (Doc. 201); 4) Plaintiff's Motion to Compel/Strike Answer to amended complaint and counterclaim (Doc. 204); 5) Plaintiff's Motion to Compel Proper Answers (Doc. 205); 6) Plaintiff's Motion for Leave to File Motion to Dismiss Counterclaims (Doc. 207); 7) Plaintiff's Motion to Strike Counterclaims (Doc. 208); and 8) Plaintiff's Motion to Strike Debtor's Exam and Related Interrogatories (Doc. 234). Also before the Court is the Response by Plaintiff to this Court's Order that Plaintiff show cause why the Court should not enter an order relieving Defendants from the obligation of responding to any motion or filing filed by Plaintiff, unless the Court requested Defendants to file a response.

**I.     Motion to Amend the Amended Complaint (Doc. 197).**

As has previously been explained to Plaintiff, in light of the Scheduling Order that has been entered in this matter, amendment is allowed only if the good cause standard is

satisfied. *See Johnson v. Mammoth Recreation Centers, Inc.*, 975 F.2d 604 (9th Cir. 1992). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Id.* at 609. "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.* "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id., citing Engleson v. Burlington, Northern R.R. Co.,* 972 F.2d 1038, 1043 (9th Cir. 1992). If the party seeking amendment "was not diligent, the inquiry should end." *Id.*

In his motion to amend the complaint, which the Court treats as a motion to amend the Scheduling Order to allow amendment, Plaintiff offers no reason why, in an appropriate exercise of diligence, he could not have earlier made the corrections which he now seeks to make in the Proposed Second Amended Complaint. Therefore, leave to file the proposed amendment is denied.

**II.    Motion for Relief from Judgment (Doc. 200).**

Plaintiff uses this motion to reassert his arguments on the merits of motions on which he has not prevailed. The motion does nothing to meet the threshold for vacating judgment set forth in Federal Rule of Civil Procedure 60. The motion is therefore denied.

**III.   Motion for Recusal (Doc. 201).**

This motion is also denied. The motion alleges that the judge's rulings demonstrate that his impartiality might reasonably be questioned. Nevertheless, as the Supreme Court has indicated, "judicial rulings alone almost never constitute a valid basis for a bias or impartiality in and of themselves . . . they cannot possibly show reliance upon extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 545-55 (1994); *see also Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045-46 (9th Cir. 1987) ("The bias must stem from an extrajudicial source and not be based solely on information gained in the course of the proceedings.").

To the extent this Court has precluded Plaintiff from electronically filing, it has

merely implemented in an even handed way the requirements of LRCiv. 5.5(d), and as the Ninth Circuit has already ruled in *United States v. Studley*, 783 F.2d 934 (9th Cir. 1986) vague notions held by a litigant that the Court does not like him or her are insufficient grounds to require recusal; *see also Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias" to warrant recusal.). Plaintiff's Motion for Recusal is, therefore, denied

**IV.     Motion to Compel/Strike to Answer to Amended Complaint and Counterclaim (Doc. 204)**

This motion is also denied. The Court rejects and has previously rejected the assertion that the *Twombly* and *Iqbal* standards apply to affirmative defenses. See, e.g., *J&J Sports Prods., Inc., v. Khachatrian,* No. Cv.-10-1567-GMW-PHS, 2011 WL 720049, at *1 n.1 (D. Ariz. Feb. 23, 2011). Therefore, Defendants have adequately stated the affirmative defenses set forth in their Answer, and Plaintiff's motion is denied.

**V.     Motion to Compel Proper Answers (Doc. 205)**

This motions is also denied. The Answer of the Defendants/Counterclaimants identified by Plaintiff in his motion "fairly respond to the substance of the allegation" contained in the Complaint. Therefore, Plaintiff's Motion is denied.

**VI.     Motion for Leave to File Motion to Dismiss Counterclaims (Doc. 207)**

This motion is granted. Plaintiff may file his motion to dismiss, subject to the requirements of this Order.

**VII.     Motion to Strike Counterclaims (Doc. 208)**

This Motion is also denied. The allegations that Defendant seeks to have stricken are allegations that are or may be relevant to their claims or counterclaims. A dismissal of claims through a settlement agreement, does not result in the cancellation of facts that may be relevant to other claims that are not barred by the doctrine of issue or claim preclusion. To the extent that the Plaintiff believes that the claims based on the factual allegations are precluded, he may include this argument, together with the relevant legal authorities in his case dispositive motion.

**VIII. Motion to Strike Debtor's Exam and Related Interrogatories (Doc. 234)**

This motion is also denied. Plaintiff is subject to the jurisdiction of this Court and to the applicable federal rules governing the collection of judgments.

**IX. Order To Show Cause**

This Court has reviewed the history of the extensive motions made by Plaintiff in the course of this litigation. The Court notes again, as it has a number of times during the litigation, that Plaintiff urges and reurges legal arguments that the Court has previously reviewed, considered and denied. Although the Court has entered one sanction to curb this behavior by Plaintiff, he has failed to curtail such conduct, and in fact, Plaintiff asserts that he lacks the economic resources to pay any fine or attorneys' fees awards. Therefore, in order to preserve Plaintiff's right to raise the legal arguments that he believes should be addressed while at the same time limiting the cost to Defendants of repeatedly responding to motions on which the Court has previously ruled and which are filed for purposes of vexation, cost and delay, with the exception of the single summary judgment motion which Plaintiff is authorized to file, Defendants need not respond to any further motions by Plaintiff, unless the Court requests such a response.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Amend the Amended Complaint (Doc. 197) is denied.
2. Plaintiff's Motion for Relief from Judgment (Doc. 200) is denied.
3. Plaintiff's Motion for Recusal (Doc. 201) is denied.
4. Plaintiff's Motion to Compel/Strike Answer to amended complaint and counterclaim (Doc. 204) is denied.
5. Plaintiff's Motion to Compel Proper Answers (Doc. 205) is denied.
6. Plaintiff's Motion for Leave to File Motion to Dismiss Counterclaims (Doc. 207) is granted.
7. Plaintiff's Motion to Strike Counterclaims (Doc. 208) is denied.
8. Plaintiff's Motion to Strike Debtor's Exam and Related Interrogatories (Doc. 234) is denied.

1   9.   Defendants' Motion for Rule 16 Conference (Doc. 215) is denied as moot.

DATED this 4th day of May, 2012.

*A. Murray Snow*
/G. Murray Snow
United States District Judge